IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 08-217 |
| | ) | [UNDER SEAL] |
| MORGAN A. JONES | ) | |

### INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, and Margaret E. Picking, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

### I. THE INDICTMENT

A Federal Grand Jury returned a one-count Indictment against the above-named defendant for an alleged violation of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 | Selling a Firearm to an Individual From Another State On or about February 22, 2008 | 18 U.S.C. § 922(a)(5) |

## II. ELEMENTS OF THE OFFENSE

### A. As to Count 1:

In order for the crime of Selling a Firearm to an Individual From Another State, in violation of Title 18, United States Code, Section 922(a)(5), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That on or about the date charged in the indictment, the defendant transferred, sold, traded, gave, transported, or delivered a firearm to another person.

2. That the defendant was not at that time a licensed importer, manufacturer, dealer, or collector.

3. That the transferee was not at the time a licensed importer, manufacturer, dealer, or collector.

4. That the defendant knew or had reasonable cause to believe that the transferee did not reside in the state in which the defendant resided.

5. The defendant acted knowingly.

> Title 18, United States Code,
> Section 922(a)(5).

## III. PENALTY

**A. As to Count 1:** Selling a Firearm to an Individual From Another State (18 U.S.C. § 922(a)(5)):

1. A term of imprisonment of not more than five (5) years (18 U.S.C. § 924(a));

2. A fine of not more than $250,000 (18 U.S.C. §3571(b)(3));

3. A term of supervised release of not more than three (3) years (18 U.S.C. §3583); and

4. Any or all of the above.

### IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

### V. RESTITUTION

Not applicable in this case.

Respectfully submitted,

MARY BETH BUCHANAN
United States Attorney

MARGARET E. PICKING
Assistant U.S. Attorney
PA ID No. 28942