IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.    ) | Criminal No. 08-217 |
| ) | |
| MORGAN A. JONES   ) | |

### SUPERSEDING INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, and Margaret E. Picking, Assistant United States Attorney for said District, and submits this Superseding Indictment Memorandum to the Court:

#### I.  THE SUPERSEDING INDICTMENT

A Federal Grand Jury returned a three-count Superseding Indictment against the above-named defendant for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 | Engaging in the Business of Selling Firearms Without a License<br>In or around 2006 until in or around June 2008 | 18 U.S.C. §922(a)(1)(A) |
| 2 | Providing Ammunition to a Convicted Felon<br>On or about September 29, 2007 | 18 U.S.C. §922(d)(1) |
| 3 | Selling a Firearm to an Individual From Another State<br>On or about February 22, 2008 | 18 U.S.C. §922(a)(5) |

## II. ELEMENTS OF THE OFFENSES

### A. As to Count 1:

In order for the crime of Engaging in the Business of Selling Firearms Without a License, in violation of Title 18, United States Code, Section 922(a)(1)(A), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. The defendant was not licensed to deal firearms; and
2. The defendant willfully engaged in the business of dealing firearms.

> Title 18, United States Code, Section 922(a)(1).

### B. As to Count 2:

In order for the crime of Providing Ammunition to a Convicted Felon, in violation of Title 18, United States Code, Section 922(d)(1), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the defendant knowingly sold or otherwise disposed of any firearm or ammunition;
2. To any person;
3. Knowing or having reasonable cause to believe;
4. That such person was under indictment for, or had been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year.

2

> Title 18, United States Code, Sections 922(d)(1) and 922(a)(2).

5. That the defendant acted willfully.

C. As to Count 3:

In order for the crime of Selling a Firearm to an Individual From Another State, in violation of Title 18, United States Code, Section 922(a)(5), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That on or about the date charged in the superseding indictment, the defendant transferred, sold, traded, gave, transported, or delivered a firearm to another person.

2. That the defendant was not at that time a licensed importer, manufacturer, dealer, or collector.

3. That the transferee was not at the time a licensed importer, manufacturer, dealer, or collector.

4. That the defendant knew or had reasonable cause to believe that the transferee did not reside in the state in which the defendant resided.

> Title 18, United States Code, Sections 922(d)(1) and 922(a)(2).

5. The defendant acted willfully.

> Title 18, United States Code, Sections 922(a)(5) and 924(a)(1)(D).

3

### III. PENALTIES

A. As to Count 1: Engaging in the Business of Selling Firearms Without a License (18 U.S.C. §922(a)(1)(A)):

1. A term of imprisonment of not more than five (5) years (18 U.S.C. §924(a));

2. A fine of not more than $250,000 (18 U.S.C. § 3571(b)(3)).

3. A term of supervised release of not more than three (3) years (18 U.S.C. §3583); and

4. Any or all of the above.


B. As to Count 2: Providing Ammunition to a Convicted Felon (18 U.S.C. § 922(d)(1)):

1. <u>Individual</u> - The maximum penalties for individuals are:

(a) A term of imprisonment of not more than ten (10) years (18 U.S.C. § 924(a)(2));

(b) A fine of not more than $250,000 (18 U.S.C. § 3571(b)(3));

(c) A term of supervised release of not more than three (3) years (18 U.S.C. §3583); and

(d) any or all of the above.

4

C.  As to Count 3:  Selling a Firearm to an Individual From Another State (18 U.S.C. §922(a)(5)):

1.  A term of imprisonment of not more than five (5) years (18 U.S.C. § 924(a));

2.  A fine of not more than $250,000 (18 U.S.C. §3571(b)(3));

3.  A term of supervised release of not more than three (3) years (18 U.S.C. §3583); and

4.  Any or all of the above.

### IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

### V. RESTITUTION

Not applicable in this case.

### VI. FORFEITURE

As set forth in the indictment, forfeiture may be applicable in this case.

Respectfully submitted,

MARY BETH BUCHANAN
United States Attorney

*/s/ Margaret E. Picking*

MARGARET E. PICKING
Assistant U.S. Attorney
PA ID No. 28942