

**U.S. Department of Justice**

*United States Attorney*
*Western District of Pennsylvania*

---

*U.S. Post Office & Courthouse*
*700 Grant Street*
*Suite 4000*
*Pittsburgh, Pennsylvania 15219*                    *412/644-3500*


June 18, 2009


Martin A. Dietz, Esquire
Grant Building
330 Grant Street, 36th Floor
Pittsburgh, Pennsylvania 15219

Re:  United States of America v.
     Morgan A. Jones
     Criminal No. 08-217

Dear Mr. Dietz:

This letter sets forth the agreement by which your client, Morgan
A. Jones, will enter a plea of guilty in the above-captioned case.
The letter represents the full and complete agreement between
Morgan A. Jones and the United States Attorney for the Western
District of Pennsylvania.  The agreement does not apply to or bind
any other federal, state, or local prosecuting authority.

Upon entering a plea of guilty, Morgan A. Jones will be sentenced
under the Sentencing Reform Act, 18 U.S.C. §3551, et seq. and 28
U.S.C. §991, et seq.  The Sentencing Guidelines promulgated by the
United States Sentencing Commission will be considered by the Court
in imposing sentence.  The facts relevant to sentencing shall be
determined initially by the United States Probation Office and
finally by the United States District Court by a preponderance of
the evidence.

A.    The defendant, Morgan A. Jones, agrees to the following:

      1.    He will enter a plea of guilty to Count One of the
            Superseding Indictment at Criminal No. 08-217,
            charging him with violating Title 18, United States

```
LIMITED OFFICIAL
USE
```

June 19, 2009
Page 2

Code, Section 922(a)(1)(A), pursuant to Rule 11 of
the Federal Rules of Criminal Procedure.

2.    He acknowledges his responsibility for the conduct
      charged in Counts Two and Three of the Superseding
      Indictment at Criminal No. 08-217 and stipulates
      that the conduct charged in those Counts may be
      considered by the Probation Office or by the Court
      in calculating the guideline range and in imposing
      sentence.

3.    He will voluntarily forfeit to the United States
      all property subject to forfeiture under 18 U.S.C.
      §924(d), including the firearms and ammunition
      referenced in Counts One through Three of the
      superseding indictment.

4.    He acknowledges that the above-described property
      was involved and used in the knowing commission of
      the offenses charged in Counts One through Three.

5.    He acknowledges that the above-described property
      is presently the subject of a criminal forfeiture
      action at the above-captioned criminal case number
      and he herewith voluntarily consents to the Court
      entering an order of forfeiture of said property to
      the United States.

6.    At the time Morgan A. Jones enters his plea of
      guilty, he will deposit a special assessment of
      $100.00 in the form of cash, or check or money
      order payable to "Clerk, U.S. District Court".  In
      the event that sentence is not ultimately imposed,
      the special assessment deposit will be returned.

7.    Morgan A. Jones waives any former jeopardy or
      double jeopardy claims he may have in or as a
      result of any related civil or administrative
      actions.

8.    Morgan A. Jones waives the right to take a direct
      appeal from his conviction or sentence under 28
      U.S.C. §1291 or 18 U.S.C. §3742, subject to the
      following exceptions:

June 19, 2009
Page 3

> (a) If the United States appeals from the sentence, Morgan A. Jones may take a direct appeal from the sentence.
>
> (b) If (1) the sentence exceeds the applicable statutory limits set forth in the United States Code, or (2) the sentence unreasonably exceeds the guideline range determined by the Court under the Sentencing Guidelines, Morgan A. Jones may take a direct appeal from the sentence.
>
> Morgan A. Jones further waives the right to file a motion to vacate sentence, under 28 U.S.C. §2255, attacking his conviction or sentence, and the right to file any other collateral proceeding attacking his conviction or sentence.

B.   In consideration of and entirely contingent upon the provisions of Parts A and C of this agreement, the United States Attorney for the Western District of Pennsylvania agrees to the following:

> 1. After the imposition of sentence, the United States Attorney will move to dismiss the remaining Counts of the Superseding Indictment at Criminal No. 08-217, without prejudice to their reinstatement if, at any time, Morgan A. Jones is permitted to withdraw his plea of guilty.  In that event, Morgan A. Jones waives any double jeopardy, statute of limitations, speedy trial, or similar objections to the reinstatement of the Counts dismissed pursuant to this agreement.
>
> 2. The United States Attorney retains the right of allocution at the time of sentencing to advise the sentencing Court of the full nature and extent of the involvement of Morgan A. Jones in the offenses charged in the Superseding Indictment and of any other matters relevant to the imposition of a fair and just sentence.
>
> 3. Prior to sentencing, the United States Attorney will, orally or in writing, move that, pursuant to §3E1.1 of the Sentencing Guidelines, the Court

June 19, 2009
Page 4

reduce the offense level by 3 levels for acceptance of responsibility, on the grounds that the offense level prior to application of §3E1.1 is 16 or greater, and Morgan A. Jones timely notified authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

4.   The United States Attorney will take any position she deems appropriate in the course of any appeals from the sentence or in response to any post-sentence motions.

C.   Morgan A. Jones and the United States Attorney further understand and agree to the following:

1.   The penalty that may be imposed upon Morgan A. Jones is:

(a)   A term of imprisonment of not more than five (5) years;

(b)   A fine of $250,000.00;

(c)   A term of supervised release of three (3) years;

(d)   A special assessment under 18 U.S.C. §3013 of $100.00.

2.   The parties agree that the defendant's base offense level should not be increased under Section 2K2.1(b)(5), which pertains to trafficking in firearms.

3.   The parties also agree that the adjusted base offense level should be lowered by a total of three (3) levels under the following section of the Guidelines:

(a)   3E1.1 (Acceptance of Responsibility).

4.   This agreement does not preclude the government from pursuing any civil or administrative remedies against Morgan A. Jones or his property.

June 19, 2009
Page 5

5.    The parties agree that, although charges are to be dismissed pursuant to this agreement, Morgan A. Jones is not a prevailing party for the purpose of seeking attorney fees or other litigation expenses under Pub. L. No. 105-119, §617 (Nov. 26, 1997) (known as the Hyde Amendment).  Morgan A. Jones waives any right to recover attorney fees or other litigation expenses under the Hyde Amendment.

This letter sets forth the full and complete terms and conditions of the agreement between Morgan A. Jones and the United States Attorney for the Western District of Pennsylvania, and there are no other agreements, promises, terms or conditions, express or implied.

Very truly yours,

MARY BETH BUCHANAN
United States Attorney


I have received this letter from my attorney, Martin A. Dietz, Esquire, have read it and discussed it with him, and I hereby accept it and acknowledge that it fully sets forth my agreement with the Office of the United States Attorney for the Western District of Pennsylvania.  I affirm that there have been no additional promises or representations made to me by any agents or officials of the United States in connection with this matter.

MORGAN A. JONES

6/22/09
Date


Witnessed by:

MARTIN A. DIETZ, ESQUIRE
Counsel for Morgan A. Jones